09-5334-ag
Diallo v. Holder

BIA
Mulligan, IJ
A097 535 483

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand ten.

PRESENT:

>JOSEPH M. McLAUGHLIN,
>GUIDO CALABRESI,
>RICHARD C. WESLEY,
>>*Circuit Judges*.

_____

MAMADOU FALILOU DIALLO,
A.K.A. AMADOU DIALLO,
>*Petitioner*,

>v.                                    09-5334-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent*.

_____

FOR PETITIONER:        Ronald S. Salomon, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Nicole J. Thomas-Dorris, Trial Attorney,

**Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Mamadou Falilou Diallo, a native and citizen of Guinea, seeks review of a December 4, 2009, order of the BIA affirming the September 24, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan, pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Mamadou Falilou Diallo*, No. A097 535 483 (B.I.A. Dec. 4, 2009), *aff'g* No. A097 535 483 (Immig. Ct. N.Y. City Sept. 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Diallo challenges the agency's denial, on adverse credibility grounds, of his claim for withholding of removal. However, substantial evidence supports the agency's adverse credibility determination. For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

We defer to the IJ's finding that Diallo's "poor" and "anxious" demeanor undermined his credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116-17 (2d Cir. 2007). Additionally, the IJ reasonably based his adverse credibility determination on several discrepancies among Diallo's testimony, his written application, and his supporting evidence. For example, the IJ noted that, although Diallo testified that he was not a "member" of the UPR, but merely a "supporter," and that he did not know what

3

UPR stood for, both his written application and a letter from the president of the UPR provided that he was, in fact, a "member" and his written application also indicated that the UPR stood for "Union for Progress and Renewal." The IJ also noted the inconsistency between Diallo's testimony that he was detained in Guinea for exactly four months, his wife's letter stating that he was detained for three months, and a document requesting that his asylum application be corrected to indicate that he was detained for three months and nine days, as opposed to six months. These inconsistencies were proper bases for finding Diallo not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. To the extent that Diallo offered explanations for these inconsistencies, the IJ was not compelled to credit them. *See Majidi*, 430 F.3d at 80-81.

Moreover, the IJ did not err in finding that Diallo's failure to present adequate corroborating evidence for his claim of persecution further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (finding that an applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general renders the applicant unable to

4

rehabilitate testimony that has already been called into question).

Finally, because Diallo failed to challenge the IJ's denial of his CAT claim in his appeal to the BIA, we are as a statutory matter without jurisdiction to consider any challenge to the denial of that relief. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk